IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONALD LEE HOWARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:25-cv-34-Z-BR |
| | § | |
| DIRECTOR, TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Ronald Lee Howard's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 1). For the reasons stated below, the Magistrate Judge recommends that the Petition be DENIED.

**I. PROCEDURAL BACKGROUND**

On October 22, 2022, after a jury trial in the 222nd Judicial District Court of Deaf Smith County, Texas, Howard was sentenced to 99 years of imprisonment on each of two counts of aggravated sexual assault. (ECF 1 at 29).[1] Howard filed a direct appeal, and the appellate court affirmed his convictions on October 24, 2023. (*Id*. at 31-43; *see also Howard v. State*, No. 07-22-323-CR, 2023 WL 7006282 (Tex. App.—Amarillo Oct. 24, 2023, pet. ref'd)). He then filed a petition for discretionary review with the Texas Court of Criminal Appeals, and the petition was refused on February 14, 2024. (ECF 1 at 45). He filed a petition for writ of certiorari with the U.S. Supreme Court, and the writ was denied on October 7, 2024. (*Id*. at 46). He did not pursue state

---

[1]Page citations to the record refer to the electronic page number assigned by the Court's electronic filing system.

habeas corpus relief. (*Id*. at 10). Howard timely filed his federal petition on February 14, 2025. (ECF 1).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). However, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, a federal court may not grant relief on any claim that was adjudicated on the merits in the state court proceeding unless the petitioner shows that the prior adjudication:

1.   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2.   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A decision is considered contrary to clearly established federal law if the state reaches a conclusion opposite to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).  An application of clearly established federal law is considered unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts.  *Id*.

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, "federal courts do not sit as courts of appeal and error for state court convictions."  *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Instead, a person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993).  Federal

habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal issue also is present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). This standard is "difficult to meet," because it requires the state prisoner to show that the state court's ruling was so lacking in justification that there was an error well understood in existing law beyond any possibility for fair-minded disagreement. *Harrison v. Richter*, 562 U.S. 86, 102-03 (2011). The petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98. The AEDPA standard is met only in cases in which there is no possibility that a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Id.* at 86.

Deference to the state court's ruling applies even when the state court decides an issue without fully explaining its reasoning. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *accord Amos v. Thornton*, 646 F.3d 199, 205 (5th Cir. 2011) (per curiam) ("[D]eference due under § 2254(d)(1) is not diminished by the fact that the [state court] did not explain the reasons for its determination[.]"). This is because "a federal habeas court only reviews the reasonableness of the state court's ultimate decision," "not the written opinion explaining that decision." *Schaetzle*, 343 F.3d at 443 (*quoting Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)). Thus, in reviewing a state court opinion, this Court focuses on "the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal*, 286 F.3d at 246.

When applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)). This presumption extends not only to express findings of fact, but to the implicit findings as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining

whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient.  Denial of relief by the state court based on a factual determination will not be overturned by a federal habeas court unless the state court's decision is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

### III. LEGAL ANALYSIS

Howard argues that his federal due process rights were violated when the Seventh Court of Appeals for the State of Texas affirmed his conviction and sentence "without addressing and ruling on the merits of each non-frivolous issue raised." (ECF 1 at 10). He seeks relief under Section 2254(d)(1), alleging that the state court's adjudication "resulted in a decision that … involved an unreasonable application of clearly established Federal law." (*Id*.). Specifically, he claims that the state appellate court unreasonably refused to extend federal precedent "to a new context where it should apply." *See Fratta v. Quarterman*, 536 F.3d 485, 502 (5th Cir. 2018) (quoting *Williams,* 529 U.S. at 407).

### A.    Factual Background.

The state appellate court summarized the facts of his case as follows:

Appellant [Howard], a local farmer and former truck driver, and the complainant, an intellectually disabled nineteen-year-old, have known each other since the complainant was a toddler. They became familiar with each other through Appellant's stepdaughter, who was in special education classes with the complainant. After not seeing each other for many years, they met in a chance encounter at a Walmart. Appellant extended an invitation to the complainant and her nine-year-old sister to visit his farm and spend the night which they accepted. In the middle of the night, Appellant engaged in sex with the complainant. During interviews with investigators, Appellant claimed the encounter was consensual. The complainant maintained it was nonconsensual. Appellant was charged with two counts of aggravated sexual assault of a disabled person based upon the complainant's statements he performed both vaginal and oral sex with her.

At trial, the jury heard testimony from several people who knew the complainant and her diminished mental capacity establishing she was a "disabled individual." The jury also heard from the complainant and her sister regarding the events of the evening in Appellant's home. Complainant maintained at trial she did not consent to the sexual contact. Appellant testified in his defense and stated the encounter was consensual. At the end of trial, the jury found Appellant guilty of two counts of aggravated sexual assault and sentenced him to 99 years in prison for each count. This appeal followed.

*Howard v. State*, 2023 WL 7006282, at *1.

**B.     Howard's Grounds for Requested Habeas Relief.**

Howard's state appeals turned on the scienter requirement in the statutes under which he was convicted. Texas courts distinguish offenses into three different categories, based on the offense-defining statute's focus: "result of conduct," "nature of conduct," or "circumstances of conduct" offenses. "Result-of-conduct offenses concern the product of certain conduct. Nature-of-conduct offenses are defined by the act or conduct that is punished, regardless of any result that might occur. Lastly, circumstances-of-conduct offenses prohibit otherwise innocent behavior that becomes criminal only under specific circumstances." *Robinson v. State*, 466 S.W.3d 166, 170 (Tex. Crim. App. 2015) (internal citations omitted).

Howard contends that his offense of conviction, aggravated sexual assault, is a "nature of conduct" offense and, as such, he believes that the state must prove a defendant's knowledge of both the underlying criminal action and the aggravating factor. He claims that the state should be required to show not only that he "intentionally or knowingly" performed the sexual act, but also that he had knowledge of the aggravating factor, *i.e.*, that the victim was disabled. (ECF 1 at 13).

Texas Penal Code § 6.03(b) ("Definitions of Culpable Mental States") explains that

 [a] person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct **when he is aware of the nature of his conduct or that the circumstances exist**. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

(emphasis added). Texas courts, including Seventh Court of Appeals in Howard's direct appeal, agree that aggravated sexual assault is a "nature of conduct" crime. *Metcalf v. State*, 597 S.W.3d 847, 857 (Tex. Crim. App. 2020); *see also Nuttall v. State*, No. 07-22-256-CR, 2023 WL 5424301 *2 (Tex. App.–Amarillo, August 23, 2023, no pet.) ("The Court of Criminal Appeals has explicitly stated aggravated sexual assault is a 'nature-of-conduct' statute" (citing *Gonzales v. State*, 304 S.W.3d 838, 849 (Tex. Crim. App. 2010)); *Howard*, 2023 WL at *4. Howard alleges that knowledge of the victim's disability is a "nature of conduct" factor that must be proven. He calls this position "common sense," stating that "a person can scarcely be convicted of a nature-of-conduct offense – requiring awareness 'of the nature of his conduct' under § 6.03(b) – without *knowing* its full nature." (ECF 1 at 23) (emphasis in original).

Howard raised four issues on appeal, but contends that the appellate court failed to address the following issue, thereby violating his federal right of due process:

> The statute regarding aggravated sexual assault of a disabled person has no explicit scienter requirement regarding the disability. Yet case law concludes that this is a nature-of-conduct offense – one in which the culpable mental state applies to each of the offense's essential elements, of which the complainant's disability is one. Does a guilty verdict require proof that the defendant knew of the complainant's disability?

(*Id*. at 16). Howard claims that the state appellate court, by ignoring this appellate point, "failed to resolve the conflict" of whether the state had to prove that Howard knew the victim was disabled. (ECF 7 at 3). This failure, Howard alleges, deprives him of federal due process. He asks the Court to grant him a new state appeal so that the appellate court may specifically address the issue it purportedly ignored. (*Id*.).

The federal law to which he refers is *Evitts v. Lucey*, 469 U.S. 387, 393 (1985), which holds that, when a state permits an appeal of right, "the procedures used in deciding appeals must comport with the demands of the Due Process" Clause. 469 U.S. at 393 (citing *Griffin v. Illinois*,

351 U.S.12, 18-19 (1955). Howard claims he was denied a true appeal of right because the state court of appeals "refused even to contemplate the first and most critically dispositive and non-frivolous issue he raised. When such issues are raised but their merits are not addressed, the right to appeal is meaningless." (ECF 1 at 25). He argues that, under *Griffin* and *Evitts*, the federal due process guarantee should be extended under Section 2254(d)(1) "to require the reviewing court to analyze and render a decision on the merits of each non-frivolous issue the appellant raises." (*Id*. at 26).

### C.    Howard Was Not Deprived of Federal Due Process.

Assuming the truth of Howard's assertion that a state appellate court must, under federal due process standards, review and render a decision on the merits of each non-frivolous issue the appellant raises, Howard cannot show that such right was violated here. His appellate point—which he contends was completely ignored by the Seventh Court of Appeals—asks "Does a guilty verdict require proof that the defendant knew of the complainant's disability?" (ECF 1 at 16). The appellate court expressly addressed this issue.

#### Issue One—Scienter of the Aggravating Element

Appellant argues in his first issue there is insufficient evidence supporting his conviction for aggravated sexual assault beyond a reasonable doubt. Particularly, he argues, under the statute, the aggravating element of the offense in this case—"victim is [a] disabled individual"—requires proof of *scienter, i.e.*, the knowledge the complainant was a disabled person at the time of the offense. See § 22.021(a)(2)(C). Because the State failed to introduce such evidence, he urges, aggravated sexual assault was not proved beyond a reasonable doubt, and the judgment should be reformed to the lesser included offense of sexual assault.

*        *        *

[T]he only issue before us is one of statutory interpretation: whether the Legislature intended scienter as a requirement for the aggravating elements of the offense of aggravated sexual assault.

When interpreting statutes, we look first to the statute's literal text, and "we read words and phrases in context and construe them according to the rules of grammar

and usage." *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011) (citations omitted, quotations original). We must "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Id*. (quotations original). Only if the statutory language is ambiguous or leads to absurd results that the Texas Legislature could not have possibly intended may we consult extra-textual sources. *Id*. Using these principles, we are tasked with analyzing the following language from the statute applicable to this matter:

> [ ] A person commits an offense (1) if the person[ ] intentionally or knowingly: (i) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; [or] causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent;[ ] and (2) if[ ] the victim is an elderly individual or a disabled individual.

§ 22.021(a)(1)(A), (a)(2)(C) (emphasis added).

Our plain reading of the statute finds two separate clauses: (1) the act of nonconsensual penetration, which must be done intentionally or knowingly; and (2) the aggravating factors based on the harm caused to the victim or the status of the victim as a child, elderly person, or, relevant here, a disabled person. It is clear the "intentionally or knowingly" requirement applies only to section 22.021(a)(1) of the statute concerning the act of "penetration," and is separated from the second part, section 22.021(a)(2), concerning the aggravating factor of the status of the victim. The use of the word "and" after section 22.021(a)(1) also signals the beginning of a new clause under section 22.021(a)(2), in which there is no mens rea requirement. "[T]his prescription of a mental state as to one element and not as to others sufficiently demonstrates the Legislature's intent to dispense with a mental state as to those other elements." *Rodriguez v. State*, 538 S.W.3d 623, 628 (Tex. Crim. App. 2018) (quoting *White v. State*, 509 S.W.3d 307, 313 (Tex. Crim. App. 2017)). Because they specifically placed the "intentionally and knowingly" language within section 22.021(a)(1) and neglected to do so in 22.021(a)(2), we conclude the Legislature did not intend for the aggravating factors of the offense to require proof of scienter.

Appellant would have us read into the statute a scienter requirement based on the legislative history of the statute and our own decisions which, up to now, have not expressly excluded a scienter requirement for the aggravating factors of the offense. We decline to do so. Appellant's first issue is overruled.

*Howard*, 2023 WL 7006282, at *2-4. The state appellate court directly addressed Howard's

argument. The court conducted a statutory analysis and concluded that "the Legislature did not

intend for the aggravating factors of the offense to require proof of scienter." *Id*. at *3. The fact

that the appellate court did not specifically refer to aggravated sexual assault as a "nature of conduct" crime in its discussion does not change the fact that the court conducted the very analysis Howard was seeking.

Howard apparently takes issue with the fact that the appellate court conducted its analysis under Section 22.021(a)(1)(A) and (a)(2)(C) rather than Section 6.03(b). He claims the state court undertook its analysis "without the implications of the designation of the offense as nature-of-conduct requiring scienter of all elements and aggravating factors, which is another question entirely." (ECF 1 at 17). His appellate point did not ask the state court to analyze Section 6.03, so the appellate court did not err in conducting the analysis under Section 22.021(a), the more specific statute applicable to Howard's convictions. *See generally RadLAX Gateway Hotel, LLC v. Amalgamated Bank,* 566 U.S. 639, 645 (2012) ("A well[-]established canon of statutory interpretation succinctly captures the problem: '[I]t is a commonplace of statutory construction that the specific governs the general.'")(quoting *Morales v. TransWorld Airlines, Inc.*, 504 U.S. 374 (1992)); *In re Prescription Home Health Care, Inc.*, 316 F.3d 542, 548 (5th Cir. 2002) ("First, it is well established that a more specific statute controls over a more general one."); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d. 887 (Tex. 2000) ("This conclusion is consistent with the traditional statutory construction principle that the more specific statute controls over the more general.").[2]

Howard has failed to show a violation of federal due process, or that "the state court's ruling was so lacking in justification that there was an error well understood in existing law

---

[2]In addition, other Texas courts addressing whether scienter is required for an aggravating element agree with the appellate court here. *See, e.g., Mejia v. State*, No. 14-96-1470-CR, 1999 WL 976533 (Tex. App.—Houston [14th Dist.] Oct. 28, 1999) ("A culpable mental state to the aggravating circumstance of injury is not necessary to elevate the offense."); *Woods v. State*, 488 S.W.3d 809 (Tex. App.—Amarillo 2016, pet. ref'd) ("It is simply an aggravating element for which scienter is not required."); *Taylor v. State*, 632 S.W.2d 697 (Tex. App—Fort Worth 1982, pet. ref'd) (A culpable mental state "is required in the allegation of the primary offense, but is not necessary with reference to the aggravating circumstance.").

beyond any possibility for fair-minded disagreement." *Harrison*, 562 U.S. at 102-03. Accordingly, his petition should be DENIED.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)*; Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Howard's Section 2254 motion on procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El,* 537 U.S. at 336-37 (*citing Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Howard is not entitled to a certificate of appealability.

## IV. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that Howard's petition for a writ of habeas corpus be DENIED and that a Certificate of Appealability be DENIED with prejudice.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 31, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).