IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RONALD LEE HOWARD,

     Petitioner,

v.

DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

     Respondent.

2:25-CV-034-Z-BR

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are the findings, conclusions, and recommendation ("FCR") of the United States Magistrate Judge to deny the Petition for a Writ of Habeas Corpus filed by the Petitioner in this case. ECF No. 11. An Objection to the FCR has been filed. ECF No. 12. However, the Petitioner here is represented by counsel, and the Objection was filed *pro se*. A habeas petitioner has a right to either represent himself or be represented by counsel—he is not entitled to hybrid representation. *See Lee v. State of Alabama*, 406 F.2d 466, 469 (5th Cir. 1968); *see also Flores v. Smith*, No. 9:11-CV-205, 2012 WL 1946137, at *3 (E.D. Tex. May 30, 2012) ("[T]here is no right to hybrid representation."). The Court thus declines to consider Petitioner's Objection. After making an independent review of the pleadings, files, and records in this case, the Court concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 11) is **ADOPTED** and the Petition for a Writ of Habeas Corpus is **DISMISSED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability

because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation filed in this case in support of its finding that Petitioner has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

**SO ORDERED.**

April **29**, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

2